## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

RICHARD COX            :
     Plaintiff           :      No: 3:22-cv-01209
           :
VS.              :
           :
CITY OF NEW HAVEN, OSCAR DIAZ,     :
BETSY SEGUI, RONALD PRESSLEY,      :
JOCELYN LAVANDIER AND LUIS RIVERA   :     SEPTEMBER 27, 2022
     Defendants          :

### COMPLAINT

## A.   JURISDICTION AND VENUE

1.     This is an action to redress the deprivation of rights secured to the plaintiff by the Constitution and laws of the United States and the State of Connecticut.

2.     Jurisdiction of this court is invoked under the provisions of Sections 1331, 1343(3) and 1367(a) of Title 28 and Sections 1983 and 1988 of Title 42 of the United States Code.

3.     Venue is proper in this court by virtue of 28 U.S.C. §1391 because the events giving rise to the claims occurred in the District of Connecticut and at least one of the defendants resides in the State of Connecticut.

4.     The plaintiff is a citizen and adult resident in the City of New Haven, Connecticut.

5.      During all times mentioned in this Complaint, the defendants were officers in the New Haven Police Department.  They are sued in their individual capacities.

6.      During all times mentioned in this Complaint, the defendants were acting under color of law, that is, under color of the constitution, statutes, laws, rules, regulations, customs and usages of the State of Connecticut as well as police officers with the City of New Haven and in the course of their employment.

7.      At all times mentioned in this Complaint, the defendants acted jointly and in concert with each other.  Each defendant had the duty and the opportunity to protect the plaintiff from the unlawful actions of the other defendants, but each defendant failed and refused to perform such duty, thereby proximately causing the injuries herein complained of.

## FIRST COUNT

## B.      FACTUAL ALLEGATIONS – The Traffic Event

1.      On June 19, 2022, at approximately 8:04 p.m., the plaintiff Richard Cox, (hereinafter, "Cox") was detained and subsequently placed under arrest by one or more officers from the New Haven Police Department.

2.      At approximately 8:13 p.m., while handcuffed, officers from the New Haven Police Department placed Cox in a police cruiser for transport to the Westchester Avenue substation.

3.       At approximately 8:30 p.m. the defendant Oscar Diaz, (hereinafter, "Diaz") arrived in a New Haven Police Department transport wagon at the Westchester Avenue substation.

4.       At approximately 8:33 p.m. officers from the New Haven Police Department moved Cox into the back of the transport wagon for transport to the detention center at 1 Union Avenue.

5.       Diaz was driving the transport van and Cox was seated in the back of the van.

6.       While seated in the back of the transport van, Cox was handcuffed and had no adequate body or safety retrains for his use.

7.       While in route to the detention center, Diaz suddenly and without warning applied his brakes resulting in the sudden stop of the transport van.

8.       Cox had no warning of the impending and sudden stop resulting in his body being violently thrown around the inside of the transport van resulting in serous and permanent injuries.


**SECOND COUNT – Negligence as to Diaz**

1-8.       Paragraphs 1 through 8 of the First Count are hereby incorporated herein and made Paragraphs 1 through 8 of this the Second Count.

9.      The injuries and damages to the plaintiff were caused by the negligence and carelessness of the defendant Diaz in one or more of the following ways:

   a.    In that he applied his brakes in an abrupt and unnecessary manner;

   b.    In that he failed to maintain a reasonable and proper look out for other vehicles on the roadway;

   c.    He failed to keep the vehicle under proper control;

   d.    He was inattentive in the operation of his vehicle;

   e.    He was operating his vehicle at an excessive rate of speed and in violation of §14-218a and §14-219 of the Connecticut General Statutes; and

   f.    He operated his vehicle recklessly and in violation of §14-222 of the Connecticut General Statutes.

10.     As a direct and proximate result of the defendant Diaz' negligence and carelessness, Cox suffered injuries and damages some or all of which may be permanent in nature including but not limited to:

   a.    Cervical spine injury/fracture;

   b.    Permanent paralysis below his neck;

   c.    Contusions, abrasions and injuries to his muscles, ligaments, tendons and bones;

   d.    Spinal cord injury;

e.    Permanent scarring;

f.    Chronic and permanent respiratory condition;

g.    Compromised immune system;

h.    Chronic and permanent health conditions related to immobility;

i.    Permanent atrophy of the muscles;

j.    Shortened life expectancy; and

k.    Associated physical pain and suffering.

11.    As a direct and proximate result of the aforesaid negligence and carelessness of the defendant, Diaz, Cox has suffered and continues to suffer great physical and emotional pain, including but not limited to mental anguish, frustration, and anxiety over the fact that he was and remains seriously injured.

12.    As a direct and proximate result of the aforesaid negligence and carelessness of the defendant Diaz, Cox has been limited in his ability to engage in his usual occupation as he had prior thereto and will be so limited in the future, resulting in a loss of earnings and earning capacity.

13.    As a further result of the negligence and carelessness of the defendant Diaz, Cox has been limited in his ability to enjoy and engage in all of life's activities as he had prior thereto and may be so limited in the future.

14.    As a direct result of the negligence and carelessness of the defendant Diaz, Cox has, and will in the future, incur expenses for hospital, physicians, physical therapy, and other related expenses as a result of his injuries.

## THIRD COUNT – Recklessness as to Diaz

1-8.    Paragraphs 1 through 8 of the Second Count are hereby incorporated herein and made Paragraphs 1 through 8 of this the Third Count.

9.    The injuries and damages to the plaintiff were caused by the recklessness of the defendant Diaz, in that he deliberately and/or with reckless disregard operated his vehicle in violation of §14-218a, §14-219 and §14-222 of the Connecticut General Statutes and such violations were substantial factors in causing injury to Cox.

10.    As a direct and proximate result of the recklessness of defendant Diaz, Cox suffered injuries and damages some or all of which may be permanent in nature including, but not limited to:

      a.    Cervical spine injury/fracture;

      b.    Permanent paralysis below his neck;

      c.    Contusions, abrasions and injuries to his muscles, ligaments, tendons and bones;

      d.    Spinal cord injury;

    e.      Permanent scarring;

    f.      Chronic and permanent respiratory condition;

    g.      Compromised immune system;

    h.      Chronic and permanent health conditions related to immobility;

    i.      Permanent atrophy of the muscles;

    j.      Shortened life expectancy; and

    k.      Associated physical pain and suffering.

11.    As a direct and proximate result of the aforesaid recklessness of the defendant Diaz, Cox has suffered and continues to suffer great physical and emotional pain, including but not limited to, mental anguish, frustration, and anxiety over the fact that he was and remains injured.

12.    As a direct and proximate result of the aforesaid recklessness of the defendant Diaz, Cox has been limited in his ability to engage in his usual occupation as he had prior thereto and will be so limited in the future, resulting in a loss of earnings and earning capacity.

13.    As a further result of the recklessness of the defendant Diaz, Cox has been limited in his ability to enjoy and engage in all of life's activities as he had prior thereto and will be so limited in the future.

14.     As a direct result of the aforesaid recklessness of the defendant Diaz, Cox has, and will in the future, incur expenses for hospital, physicians, physical therapy, and other related expenses as a result of his injuries.

**FOURTH COUNT – As to the City of New Haven**

1-14.   Paragraphs 1 through 14 of the Second Count are hereby incorporated herein and made Paragraphs 1 through 14 of this the Fourth Count.

15.     At the time of his operation of the New Haven Police Department transport van, the defendant Diaz was an employee of the City of New Haven and was operating said vehicle in the course of his employment.

16.     The defendant City of New Haven is liable for the negligence and carelessness of the defendant Diaz, pursuant to Connecticut General Statutes, §52-557n.

**FIFTH COUNT – Recklessness as to the City of New Haven**

1-14.   Paragraphs 1 through 14 of the Third Count are hereby incorporated herein and made Paragraphs 1 through 14 of this the Fifth Count.

15.     The defendant City of New Haven is liable for the recklessness of the defendant Diaz, pursuant to Connecticut General Statutes §52-557n.

**SIXTH COUNT – Negligence as to the City of New Haven**

1-8.    Paragraphs 1 through 8 of the First Count are hereby incorporated herein and made Paragraphs 1 through 8 of this the Sixth Count.

9.    The defendant, City of New Haven, through its agents and employees was careless and negligent in one or more of the following ways:

> a.    It failed to properly equip the transport van with adequate passenger restraints;
>
> b.    It failed to provide the transport van with adequate equipment to ensure the safety of passengers;
>
> c.    It failed to update the safety equipment of the transport van to comply with current equipment requirements; and
>
> d.    It failed to warn passengers of the dangerous and unsafe conditions of the passenger section of said transport van.

10.    As a direct and proximate result of the negligence of defendant, City of New Haven, Cox suffered injuries and damages some or all of which may be permanent in nature including, but not limited to:

> a.    Cervical spine injury/fracture;
>
> b.    Permanent paralysis below his neck;

    c.      Contusions, abrasions and injuries to his muscles, ligaments, tendons and bones;

    d.      Spinal cord injury;

    e.      Permanent scarring;

    f.      Chronic and permanent respiratory condition;

    g.      Compromised immune system;

    h.      Chronic and permanent health conditions related to immobility;

    i.      Permanent atrophy of the muscles;

    j.      Shortened life expectancy; and

    k.      Associated physical pain and suffering.

11.    As a direct and proximate result of the aforesaid negligence of the defendant, City of New Haven, Cox has suffered and continues to suffer great physical and emotional pain, including but not limited to, mental anguish, frustration, and anxiety over the fact that he was and remains injured.

12.    As a direct and proximate result of the aforesaid negligence of the defendant, City of New Haven, Cox has been limited in his ability to engage in his usual occupation as he had prior thereto and will be so limited in the future, resulting in a loss of earnings and earning capacity.

13.     As a further result of the negligence of the defendant, City of New Haven, Cox has been limited in his ability to enjoy and engage in all of life's activities as he had prior thereto and will be so limited in the future.

14.     As a direct result of the negligence of the defendant Diaz, Cox has, and will in the future, incur expenses for hospital, physicians, physical therapy, and other related expenses as a result of his injuries.

**SEVENTH COUNT – 42 U.S.C. §1983 as to Defendant, Diaz, Excessive Force**

1-7.     Paragraphs 1 through 7 of the First Count are hereby incorporated herein and made Paragraphs 1 through 7 of this the Seventh Count.

8.     The manner of the operation of the transport van by Diaz which resulted in the injuries and damages to Cox, constituted the use of excessive force a violation of the Fourth and Fourteenth Amendments of the Constitution of the United States.

9.     As result of the excessive use of force by the defendant Diaz, Cox suffered injuries and damages some or all of which may be permanent in nature including, but not limited to:

    a.     Cervical spine injury/fracture;

    b.     Permanent paralysis below his neck;

c.    Contusions, abrasions and injuries to his muscles, ligaments, tendons and
bones;

d.    Spinal cord injury;

e.    Permanent scarring;

f.    Chronic and permanent respiratory condition;

g.    Compromised immune system;

h.    Chronic and permanent health conditions related to immobility;

i.    Permanent atrophy of the muscles;

j.    Shortened life expectancy; and

k.    Associated physical pain and suffering.

10.    As a direct and proximate result of the aforesaid recklessness of the defendant,
Diaz, Cox has suffered and continues to suffer great physical and emotional pain, including but
not limited to, mental anguish, frustration, and anxiety over the fact that he was and remains
injured.

11.    As a direct and proximate result of the aforesaid recklessness of the defendant,
Diaz, Cox has been limited in his ability to engage in his usual occupation as he had prior
thereto and will be so limited in the future, resulting in a loss of earnings and earning capacity.

12.     As a further result of the recklessness of the defendant, Diaz, Cox has been limited in his ability to enjoy and engage in all of life's activities as he had prior thereto and will be so limited in the future.

13.     As a direct result of the negligence and carelessness of the defendant Diaz, Cox has, and will in the future, incur expenses for hospital, physicians, physical therapy, and other related expenses as a result of his injuries.

## EIGHTH COUNT – 42 U.S.C. §1983 – As to Defendant Diaz – Denial of Medical Treatment

1-8.     Paragraphs 1 through 8 of the First Count are hereby incorporated herein and made Paragraphs 1 through 8 of this the Eighth Count.

9.     As a result of being thrown about in the transport van, Cox was injured and so notified Diaz, who indicated he could not pull over immediately and proceeded to drive for approximately two (2) minutes before pulling over and stopping the transport van to check on Cox.

10.     After Diaz stopped the transport wagon, he opened the door and asked Cox what happened to which Cox replied, "I can't move," after which Diaz called for an ambulance to meet them at the Union Avenue Detention Center and Diaz then proceeded to drive to the Detention Center.

11.    Approximately five (5) minutes after calling for an ambulance, Diaz and Cox arrived at the Detention Center at which time several officers removed Cox, who was unable stand due to his injuries, from the van.

12.    When Cox told Diaz that he was hurt and could not move, Diaz was bound to immediately seek medical attention for Cox and his denial of medical treatment was a violation of Cox' Fourth and Fourteenth Amendment rights under the Constitution of the United States.

## NINTH COUNT – Negligence as to Defendant Diaz – Failure to Provide Medical Assistance

1-11.    Paragraphs 1 through 11 of the Eighth Count are hereby incorporated herein and made Paragraphs 1 through 8 of this the Ninth Count.

12.    The defendant Diaz was negligent and careless in one or more of the following ways:

   a.    In not providing immediate medical assistance;

   b.    In not stopping the transport van immediately to check on Cox' wellbeing;

   c.    In not immediately rendering medical assistance;

   d.    In not immediately calling or an ambulance when he learned Cox might be seriously injured;

  e.  In not preventing Cox, who told him he could not move, from moving until emergency response personnel arrived; and

  f.  In not remaining at a stop after learning that Cox might be seriously injured.

13. As a direct and proximate result of the defendant, Diaz' aforementioned negligence and carelessness, Cox suffered injuries and damages some or all of which may be permanent in nature including, but not limited to:

  a.  Cervical spine injury/fracture;

  b.  Permanent paralysis below his neck;

  c.  Contusions, abrasions and injuries to his muscles, ligaments, tendons and bones;

  d.  Spinal cord injury;

  e.  Permanent scarring;

  f.  Chronic and permanent respiratory condition;

  g.  Compromised immune system;

  h.  Chronic and permanent health conditions related to immobility;

  i.  Permanent atrophy of the muscles;

  j.  Shortened life expectancy; and

  k.  Associated physical pain and suffering.

14.     As a direct and proximate result of the defendant, Diaz' aforementioned negligence and carelessness, Cox has suffered and continues to suffer great physical and emotional pain, including but not limited to, mental anguish, frustration, and anxiety over the fact that he was and remains injured.

## TENTH COUNT – Negligence as to the City of New Haven – Conn. Gen. Stat. §52-557n

1-14.  Paragraphs 1 through 14 of the Ninth Count are hereby incorporated herein and made Paragraphs 1 through 14 of this the Tenth Count.

15.     At all times relevant hereto, the defendant Diaz was an employee of the City of New Haven and was in the scope of his employment.

16.     The defendant, City of New Haven is vicariously liable for the aforesaid negligence of Diaz pursuant to Connecticut General Statute §52-557n.

## ELEVENTH COUNT – 42 U.S.C. §1983 – As to Oscar Diaz, Betsy Segui, Ronald Pressley, Jocelyn Lavandier and Luis Rivera – Excessive Force

1-8.   Paragraphs 1 through 8 of the First Count are hereby incorporated herein and made Paragraphs 1 through 8 of this the Eleventh Count.

9.    Upon Diaz' arrival at the Detention Center, the defendants, Oscar Diaz, Betsy Segui, Ronald Pressley, Jocelyn Lavandier and Luis Rivera, were present and once again Cox indicated several times that he could not move and thinks he broke his neck.

10.    Despite Cox' pleas, the defendants attempted to move Cox and place him in a wheelchair to be processed and eventually dragged him to a cell by his shoulder while still in handcuffs.

11.    The foregoing actions of defendants constituted a use of excessive force in violation of Cox' Fourth and Fourteenth Amendment rights under the Constitution of the United States.

12.    As a direct and proximate result of the aforesaid actions of the defendants, Cox suffered injuries and damages some or all of which may be permanent in nature including but not limited to:

       a.      Cervical spine injury/fracture;

       b.      Permanent paralysis below his neck;

       c.      Contusions, abrasions and injuries to his muscles, ligaments, tendons and bones;

       d.      Spinal cord injury;

       e.      Permanent scarring;

       f.      Chronic and permanent respiratory condition;

g.   Compromised immune system;

h.   Chronic and permanent health conditions related to immobility;

i.   Permanent atrophy of the muscles;

j.   Shortened life expectancy; and

k.   Associated physical pain and suffering.

13.   As a direct and proximate result of the aforesaid actions of the defendants, Cox has suffered and continues to suffer great physical and emotional pain, including but not limited to mental anguish, frustration, and anxiety over the fact that he was and remains seriously injured.

14.   As a direct and proximate result of the aforesaid actions of the defendants, Cox has been limited in his ability to engage in his usual occupation as he had prior thereto and will be so limited in the future, resulting in a loss of earnings and earning capacity.

15.   As a further result of the aforesaid actions of the defendants, Cox has been limited in his ability to enjoy and engage in all of life's activities as he had prior thereto and may be so limited in the future.

16.   As a direct result of the aforesaid actions of the defendants, Cox has, and will in the future, incur expenses for hospital, physicians, physical therapy, and other related expenses as a result of his injuries.

**TWELFTH COUNT – 42 U.S.C. §1983 Denial of Medical Treatment – As to Oscar Diaz, Betsy Segui, Ronald Pressley, Jocelyn Lavandier and Luis Rivera**

1-10.   Paragraphs 1 through 10 of the Eleventh Count are hereby incorporated herein and made Paragraphs 1 through 10 of this the Twelfth Count.

11.     The foregoing actions of the defendants constituted a denial of medical treatment for a serious injury in violation of Cox' Fourth and Fourteenth Amendment Rights under the constitution of the United States.

12.     As a direct and proximate result of the aforesaid actions of the defendants, Cox suffered injuries and damages some or all of which may be permanent in nature including but not limited to:

   a.      Cervical spine injury/fracture;

   b.      Permanent paralysis below his neck;

   c.      Contusions, abrasions and injuries to his muscles, ligaments, tendons and bones;

   d.      Spinal cord injury;

   e.      Permanent scarring;

   f.      Chronic and permanent respiratory condition;

   g.      Compromised immune system;

   h.      Chronic and permanent health conditions related to immobility;

     i.      Permanent atrophy of the muscles;

     j.     Shortened life expectancy; and

     k.    Associated physical pain and suffering.

13.    As a direct and proximate result of the aforesaid actions of the defendants, Cox has suffered and continues to suffer great physical and emotional pain, including but not limited to mental anguish, frustration, and anxiety over the fact that he was and remains seriously injured.

14.    As a direct and proximate result of the aforesaid actions of the defendants, Cox has been limited in his ability to engage in his usual occupation as he had prior thereto and will be so limited in the future, resulting in a loss of earnings and earning capacity.

15.    As a further result of the aforesaid actions of the defendants, Cox has been limited in his ability to enjoy and engage in all of life's activities as he had prior thereto and may be so limited in the future.

16.    As a direct result of the aforesaid actions of the defendants, Cox has, and will in the future, incur expenses for hospital, physicians, physical therapy, and other related expenses as a result of his injuries.

**THIRTEENTH COUNT – 42 U.S.C. §1983 – As to Oscar Diaz, Betsy Segui, Ronald Pressley, Jocelyn Lavandier and Luis Rivera**

1-10.   Paragraphs 1 through 10 of the Twelfth Count are hereby incorporated herein and made Paragraphs 1 through 10 of this the Thirteenth Count.

11.   At all relevant times, the defendants, Oscar Diaz, Betsy Segui, Ronald Pressley, Jocelyn Lavandier and Luis Rivera, were agents, servants, or employees of the defendant, City of New Haven and its Police Department, acting in their official capacities and under color of state law.

12.   At all pertinent times during the events subject to this action, the constitutional rights of Cox were being violated in the presence of each of the defendants.

13.   At all pertinent times during the events previously set forth each of the defendants failed to intercede on behalf of Cox whose constitutional rights were being violated.

14.   At all pertinent times previously set forth the defendants had a realistic opportunity to intervene and to prevent the injuries sustained by Cox from occurring and failed to do so.

15.   As a direct and proximate cause of each of the defendants' failure to intervene, Cox suffered the following injuries:

      a.   Cervical spine injury/fracture;

      b.   Permanent paralysis below his neck;

c.     Contusions, abrasions and injuries to his muscles, ligaments, tendons and
bones;

d.     Spinal cord injury;

e.     Permanent scarring;

f.     Chronic and permanent respiratory condition;

g.     Compromised immune system;

h.     Chronic and permanent health conditions related to immobility;

i.     Permanent atrophy of the muscles;

j.     Shortened life expectancy; and

k.     Associated physical pain and suffering.

16.    As a direct and proximate result of the aforesaid failure to intervene of the defendants, Cox has suffered and continues to suffer great physical and emotional pain, including but not limited to mental anguish, frustration, and anxiety over the fact that he was and remains seriously injured.

17.    As a direct and proximate result of the aforesaid failure to intervene of the defendants, Cox has been limited in his ability to engage in his usual occupation as he had prior thereto and will be so limited in the future, resulting in a loss of earnings and earning capacity.

18.     As a further result of the aforesaid failure to intervene of the defendants, Cox has been limited in his ability to enjoy and engage in all of life's activities as he had prior thereto and may be so limited in the future.

19.     As a direct result of the aforesaid failure to intervene of the defendants, Cox has, and will in the future, incur expenses for hospital, physicians, physical therapy, and other related expenses as a result of his injuries.

## FOURTEENTH COUNT – Intentional Infliction of Emotional Distress – As to Oscar Diaz, Betsy Segui, Ronald Pressley, Jocelyn Lavandier and Luis Rivera

1-11.     Paragraphs 1 through 11 of the Eleventh Count are hereby incorporated herein and made Paragraphs 1 through 10 of this the Fourteenth Count.

12.     The aforementioned actions by defendants, Oscar Diaz, Betsy Segui, Ronald Pressley, Jocelyn Lavandier and Luis Rivera, were intentional, willful and deliberate and caused Cox to suffer from severe emotional distress, which the defendant officers knew or should have known would have resulted from their actions.

13.     Said conduct was extreme and outrageous and was the cause of Cox' distress and the emotional distress sustained by Cox was and will continue to be severe.  As a result of the defendants, Oscar Diaz, Betsy Segui, Ronald Pressley, Jocelyn Lavandier and Luis

Rivera's aforesaid actions, Cox suffered and will continue to suffer damages as set forth above.

### FIFTEENTH COUNT – Assault as to Oscar Diaz, Betsy Segui, Ronald Pressley, Jocelyn Lavandier and Luis Rivera

1-11. of the Eleventh Count are hereby incorporated herein and made Paragraphs 1 through 10 of this the Fifteenth Count.

12.     The aforesaid actions of the defendants constituted an assault of the plaintiff Cox for which he sustained personal injuries and damages some of which will be permanent.

### SIXTEENTH COUNT – Battery as to Oscar Diaz, Betsy Segui, Ronald Pressley, Jocelyn Lavandier and Luis Rivera

1-11. Paragraphs 1 through 11 of the Eleventh Count are hereby incorporated herein and made Paragraphs 1 through 11 of this the Sixteenth Count.

12.     The aforesaid actions of the defendants constituted a battery of the plaintiff Cox for which he sustained personal injuries and damages some of which will be permanent.

### SEVENTEENTH COUNT – Negligence against Oscar Diaz, Betsy Segui, Ronald Pressley, Jocelyn Lavandier and Luis Rivera

1-11.  Paragraphs 1 through 11 of the Eleventh Count are hereby incorporated herein and made Paragraphs 1 through 11 of this the Seventeenth Count.

12. The defendants were negligent and careless in one or more of the following ways:

    a.    They failed to provide immediate medical attention;

    b.    They moved Cox when they knew or should have known it was dangerous to do so;

    c.    They failed to promptly call for medical attention; and

    d.    They failed to respond appropriately to Cox' complaints of serious injury.

13. As a direct and proximate cause of each of the defendants' negligence and carelessness, Cox suffered the following injuries:

    a.    Cervical spine injury/fracture;

    b.    Permanent paralysis below his neck;

    c.    Contusions, abrasions and injuries to his muscles, ligaments, tendons and bones;

    d.    Spinal cord injury;

    e.    Permanent scarring;

    f.    Chronic and permanent respiratory condition;

    g.    Compromised immune system;

    h.    Chronic and permanent health conditions related to immobility;

    i.    Permanent atrophy of the muscles;

> j.    Shortened life expectancy; and
>
> k.    Associated physical pain and suffering.

14.    As a direct and proximate result of the aforesaid negligence and carelessness of the defendants, Cox has suffered and continues to suffer great physical and emotional pain, including but not limited to mental anguish, frustration, and anxiety over the fact that he was and remains seriously injured.

15.    As a direct and proximate result of the aforesaid negligence and carelessness of the defendants, Cox has been limited in his ability to engage in his usual occupation as he had prior thereto and will be so limited in the future, resulting in a loss of earnings and earning capacity.

16.    As a further result of the negligence and carelessness of the defendants, Cox has been limited in his ability to enjoy and engage in all of life's activities as he had prior thereto and may be so limited in the future.

17.    As a direct result of the negligence and carelessness of the defendant Diaz, Cox has, and will in the future, incur expenses for hospital, physicians, physical therapy, and other related expenses as a result of his injuries.

**EIGHTEENTH COUNT – <u>Negligence as to City of New Haven</u>**

1-16.   Paragraphs 1 through 16 of the Seventeenth Count are hereby incorporated herein and made Paragraphs 1 through 16 of this the Eighteenth Count.

17.   At all times relevant hereto the defendants, Oscar Diaz, Betsy Segui, Ronald Pressley, Jocelyn Lavandier and Luis Rivera, were acting within the scope of their employment as police officers employed by the City of New Haven.

18.   The defendant, City of New Haven is liable for the negligence of the defendants, Oscar Diaz, Betsy Segui, Ronald Pressley, Jocelyn Lavandier and Luis Rivera, pursuant to Connecticut General Statutes §52-557n.

## NINETEENTH COUNT – Indemnification, Connecticut General Statutes §7-465 as to City of New Haven

1.   On or about June 19, 2022, the defendants, Oscar Diaz, Betsy Segui, Ronald Pressley, Jocelyn Lavandier and Luis Rivera, were a police officer employed by the City of New Haven and were at all times acting within the scope of his/her employment.

2.   The City of New Haven is legally liable to pay on behalf of each and every defendant all sums awarded for violations of Cox' civil rights and/or for any personal injuries and damages from the actions of its employees, which have resulted in injuries to Cox, pursuant to Connecticut General Statutes §7-465.

3.      Statutory notice of the plaintiff's claims and intention to bring this action was sent to the City of New Haven in accordance with Connecticut General Statutes §7-465 on July 1, 2022, a copy of which is attached as Exhibit A.

## C.    PRAYER FOR RELIEF

WHEREFORE, the plaintiff respectfully requests the following relief:

A.      Compensatory damages from each defendant;

B.      Punitive damages from each defendant;

C.      Attorney's fees pursuant to 42 U.S.C. §1988;

D.      Costs; and

E.      Such other and further relief as the Court may deem proper.

THE PLAINTIFF, RICHARD COX

By _____/s/_____
       R.J. WEBER, III, ESQ.
       CT 19311
       **Weber & Rubano, LLC**
       401 Center Street
       Wallingford, CT 06492
       Phone:  (203) 626-9172
       Fax:  (203) 626-9175
       RJWEBER@RJWLAWYER.COM

By _____/s/_____
       LOUIS M. RUBANO, ESQ.
       CT 19959
       Weber & Rubano, LLC
       401 Center Street
       Wallingford, CT 06492
       Phone:  (203) 626-9172
       Fax:  (203) 626-9175
       LRUBANO@RJWLAWYER.COM