UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RICHARD COX, | : | CIV. NO. 3:22cv01209(JBA) |
|     Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| CITY OF NEW HAVEN, OSCAR DIAZ, | : | |
| BETSY SEGUI, RONALD PRESSLEY, | : | |
| JOCELYN LAVANDIER AND LUIS RIVERA, | : | NOVEMBER 21, 2022 |
|     Defendants. | | |

## ANSWER AND AFFIRMATIVE DEFENSES OF
## DEFENDANT OSCAR DIAZ

**A.** **JURISDICTION AND VENUE**

1. As to paragraphs 1-4 and 6-7, Officer Oscar Diaz lacks knowledge or information sufficient to base a belief about the truth of the matters contained therein, and thereby leaves the plaintiff to his burden of proof.

2. Paragraph 5 is admitted.

**FIRST COUNT**

**B.** **FACTUAL ALLEGATIONS – The Traffic Event**

1. As to paragraphs 1-2 and 8, Officer Diaz lacks knowledge or information sufficient to base a belief about the truth of the matters contained therein, and thereby leaves the plaintiff to his burden of proof.

2. As to paragraph 3, Officer Diaz admits only that he arrived at said location in a New Haven Police Department transport wagon; he lacks sufficient information regarding the exact time of his arrival.

3. As to paragraph 4, Officer Diaz admits only that Cox entered the back of the transport wagon; he lacks sufficient information regarding the exact time this occurred.

4. So much of Paragraph 5 as alleges Officer Diaz was driving the van and Cox was in the back of the van is admitted; Officer Diaz lacks knowledge or information sufficient to base a belief about whether plaintiff was seated, and thereby leaves the plaintiff to his burden of proof on that issue.

5. So much of Paragraph 6 as alleges that "Cox was handcuffed" is admitted. The remaining allegations of Paragraph 6 are denied.

6. Paragraph 7 is denied as alleged. Officer Diaz admits only that he was forced to apply his brakes to avoid colliding with a vehicle that pulled into his lane of travel.

**SECOND COUNT – Negligence as to Diaz**

1. As to the allegations of Paragraphs 1-8 of Count Two, Officer Diaz incorporates by reference, as if fully set forth herein, his responses to Paragraph 1-8 of Count One, as set forth above.

2. Paragraphs 9-14 are denied.

**THIRD COUNT – Recklessness as to Diaz**

1. As to the allegations of Paragraphs 1-8 of Count Three, Officer Diaz incorporates by reference, as if fully set forth herein, his responses to Paragraph 1-8 of Count Two, as set forth above.

2. Paragraphs 9-14 are denied.

**FOURTH COUNT – As to the City of New Haven**

1. Officer Diaz does not respond to paragraphs 1-16 as they are not directed at him individually.

**FIFTH COUNT – Recklessness as to the City of New Haven**

1. Officer Diaz does not respond to paragraphs 1-15 as they are not directed at him individually.

**SIXTH COUNT – Negligence as to the City of New Haven**

1. Officer Diaz does not respond to paragraphs 1-14 as they are not directed at him individually.

**SEVENTH COUNT – 42 U.S.C. §1983 as to Defendant Diaz, Excessive Force**

1. As to the allegations of Paragraphs 1-7 of Count Seven, Officer Diaz incorporates by reference, as if fully set forth herein, his responses to Paragraph 1-7 of Count One, as set forth above.

2. Paragraphs 8-13 are denied.

**EIGHTH COUNT – 42 U.S.C. §1983 - As to Defendant Diaz – Denial of Medical Treatment**

1. As to the allegations of Paragraphs 1-8 of Count Eight, Officer Diaz incorporates by reference, as if fully set forth herein, his responses to Paragraph 1-8 of Count One, as set forth above.

2. Paragraphs 9 and 12 are denied.

3. So much of Paragraph 10 as alleges that Officer Diaz checked on plaintiff's welfare, called for an ambulance, and proceeded to drive to the Union Avenue Detention Center is admitted. The remaining allegations of Paragraph 10 are denied.

4. As to paragraph 11, Officer Diaz admits only that he arrived at the Detention Center; he lacks sufficient information regarding timing, or information sufficient to base a belief about the truth of the remaining allegations contained therein, and thereby leaves the plaintiff to his burden of proof.

**NINTH COUNT – Negligence as to Defendant Diaz – Failure to Provide Medical Assistance**

1. As to the allegations of Paragraphs 1-11 of Count Nine, Officer Diaz incorporates by reference, as if fully set forth herein, his responses to Paragraph 1-11 of Count Eight, as set forth above.

2. Paragraphs 12-14 are denied.

**TENTH COUNT – Negligence as to the City of New Haven – Conn. Gen. Stat. §52-557n**

1. Officer Diaz does not respond to paragraphs 1-16 as they are not directed at him individually.

**ELEVENTH COUNT – 42 U.S.C. §1983 – As to Oscar Diaz, Betsy Segui, Ronald Pressley, Jocelyn Lavandier
 and Luis Rivera – Excessive Force**

1. As to the allegations of Paragraphs 1-8 of Count Eleven, Officer Diaz incorporates by reference, as if fully set forth herein, his responses to Paragraph 1-8 of Count One, as set forth above.

2. So much of Paragraph 9 as alleges that Officer Diaz was present is admitted. The remaining allegations of Paragraph 9 are denied.

3. As to paragraph 10, Officer Diaz admits only that the defendants attempted to move Cox; he lacks sufficient information regarding timing, or information sufficient to base a belief about the truth of the matters contained therein, and thereby leaves the plaintiff to his burden of proof.

4. Paragraphs 11-16 are denied.

**TWELFTH COUNT – 42 U.S.C. §1983 Denial of Medical Treatment – As to Oscar Diaz, Betsy Segui, Ronald Pressley, Jocelyn Lavandier and Luis Rivera**

1. As to the allegations of Paragraphs 1-10 of Count Twelve, Officer Diaz incorporates by reference, as if fully set forth herein, his responses to Paragraph 1-10 of Count Eleven, as set forth above.

2. Paragraphs 11-16 are denied.

**THIRTEENTH COUNT – 42 U.S.C. §1983 – As to Oscar Diaz, Betsy Segui, Ronald Pressley, Jocelyn Lavandier and Luis Rivera**

1. As to the allegations of Paragraphs 1-10 of Count Thirteen, Officer Diaz incorporates by reference, as if fully set forth herein, his responses to Paragraph 1-10 of Count Twelve, as set forth above.

2. So much of Paragraph 11 as alleges the defendants were employees of the City of New Haven is admitted. Officer Diaz lacks sufficient information regarding the remaining allegations contained herein, and therefor leaves plaintiff to his proof.

3. Paragraphs 12-19 are denied.

**FOURTEENTH COUNT – Intentional Infliction of Emotional Distress – As to Oscar Diaz, Betsy Segui, Ronald Pressley, Jocelyn Lavandier and Luis Rivera**

1. As to the allegations of Paragraphs 1-11 of Count Fourteen, Officer Diaz incorporates by reference, as if fully set forth herein, his responses to Paragraph 1-11 of Count Eleven, as set forth above.

2. Paragraphs 12 and 13 are denied.

**FIFTEENTH COUNT – Assault as to Oscar Diaz, Betsy Segui, Ronald Pressley, Jocelyn Lavandier and Luis Rivera**

1. As to the allegations of Paragraphs 1-11 of Count Fifteen, Officer Diaz incorporates by reference, as if fully set forth herein, his responses to Paragraph 1-11 of Count Eleven, as set forth above.

2. Paragraph 12 is denied.

**SIXTEENTH COUNT – Battery as to Oscar Diaz, Betsy Segui, Ronald Pressley, Jocelyn Lavandier and Luis Rivera**

1. As to the allegations of Paragraphs 1-11 of Count Sixteen, Officer Diaz incorporates by reference, as if fully set forth herein, his responses to Paragraph 1-11 of Count Eleven, as set

forth above.

2. Paragraph 12 is denied.

**SEVENTEENTH COUNT – Negligence against Oscar Diaz, Betsy Segui, Ronald Pressley, Jocelyn Lavandier and Luis Rivera**

1. As to the allegations of Paragraphs 1-11 of Count Seventeen, Officer Diaz incorporates by reference, as if fully set forth herein, his responses to Paragraph 1-11 of Count Eleven, as set forth above.

2. Paragraphs 12-17 are denied.

**EIGHTEENTH COUNT – Negligence as to City of New Haven**

1. Officer Diaz does not respond to paragraphs 1-18 as they are not directed at him individually.

**NINETEENTH COUNT – Indemnification, Connecticut General Statutes §7-465 as to City of New Haven**

1. So much of Paragraph 1 as alleges the defendants were employees of the City of New Haven is admitted. Officer Diaz lacks sufficient information regarding the remaining allegations contained herein, and therefor leaves plaintiff to his proof.

2. As to paragraphs 2 and 3, Officer Diaz lacks knowledge or information sufficient to base a belief about the truth of the matters contained therein, and thereby leaves the plaintiff to his burden of proof.

## BY WAY OF AFFIRMATIVE DEFENSES

**FIRST AFFIRMATIVE DEFENSE**

The plaintiff's complaint fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

The actions and conduct of defendant Oscar Diaz, to the extent that they occurred as

alleged, were objectively reasonable under the circumstances of which he was aware, and therefore, he enjoys qualified immunity from all liability.

**THIRD AFFIRMATIVE DEFENSE**

The actions and conduct of defendant Oscar Diaz individually, did not violate any clearly established constitutional or federal statutory right of which he reasonably should have been aware, and he is therefore entitled to qualified immunity.

**FOURTH AFFIRMATIVE DEFENSE**

Pursuant to Connecticut General Statutes § 52-557n, or the common law, Oscar Diaz is entitled to governmental immunity in that his actions were performed in good faith, without malice, and in the discretionary performance of governmental duties.

**FIFTH AFFIRMATIVE DEFENSE**

Pursuant to Connecticut General Statutes § 52-572h, the plaintiff's own negligence and carelessness contributed to and was a substantial factor in causing the injuries and losses alleged in the complaint, in that:

    a.    he failed to act as a reasonable, prudent person under the circumstances.

**JURY DEMAND**

Defendant Oscar Diaz demands a trial by jury.

    DEFENDANT, OSCAR DIAZ

BY/ss/ James N. Tallberg
James N. Tallberg
Federal Bar No.: ct17849
Karsten & Tallberg, LLC
500 Enterprise Dr., Suite 4B
Rocky Hill, CT 06067
T: (860)233-5600
F: (860)233-5800
jtallberg@kt-lawfirm.com

## CERTIFICATION

I hereby certify that on November 21, 2022, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

/ss/ James N. Tallberg
James N. Tallberg