UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RICHARD COX | : | NO.: 3:22-CV-01209 (JBA) |
| | : | |
| v. | : | |
| | : | |
| CITY OF NEW HAVEN, OSCAR DIAZ, | : | |
| BETSY SEGUI, RONALD PRESSLEY, | : | |
| JOCELYN LEVANDIER, AND | : | |
| LUIS RIVERA | : | NOVEMBER 21, 2022 |

# DEFENDANT LUIS RIVERA'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT DATED SEPTEMBER 27, 2022

**A.** **JURISDICTION AND VENUE**

1. As to paragraph 1, the defendant does not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein, and therefore, leaves the plaintiff to his burden of proof.

2. As to paragraph 2, the defendant does not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein, and therefore, leaves the plaintiff to his burden of proof.

3. As to paragraph 3, the defendant does not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein, and therefore, leaves the plaintiff to his burden of proof.

4. As to paragraph 4, the defendant does not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein, and therefore, leaves the plaintiff to his burden of proof.

5. As to paragraph 5, it is admitted that the defendant was a duly appointed officer of the New Haven Police Department. As to the remainder of paragraph 5, the

defendant does not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein, and therefore, leaves the plaintiff to his burden of proof.

6. As to paragraph 6 it is admitted that Luis Rivera was acting under color of law. As to the remainder of paragraph 6, the defendant does not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein, and therefore, leaves the plaintiff to his burden of proof.

7. Paragraph 7 is denied.

**FIRST COUNT**

**B.  FACTUAL ALLEGATIONS – The Traffic Event**

1. As to paragraph 1, the defendant does not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein, and therefore, leaves the plaintiff to his burden of proof.

2. As to paragraph 2, the defendant does not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein, and therefore, leaves the plaintiff to his burden of proof.

3. As to paragraph 3, the defendant does not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein, and therefore, leaves the plaintiff to his burden of proof.

4. As to paragraph 4, the defendant does not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein, and therefore, leaves the plaintiff to his burden of proof.

5. As to paragraph 5, the defendant does not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein, and therefore, leaves the plaintiff to his burden of proof.

6. As to paragraph 6, the defendant does not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein, and therefore, leaves the plaintiff to his burden of proof.

7. As to paragraph 7, the defendant does not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein, and therefore, leaves the plaintiff to his burden of proof.

8. As to paragraph 8, the defendant does not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein, and therefore, leaves the plaintiff to his burden of proof.

**SECOND COUNT – Negligence as to Diaz**

1-14. The defendant does not answer the allegations of the Second Count as it is not directed to him.

**THIRD COUNT – Recklessness as to Diaz**

1-14. The defendant does not answer the allegations of the Third Count as it is not directed to him.

**FOURTH COUNT – As to the City of New Haven**

1-16. The defendant does not answer the allegations of the Fourth Count as it is not directed to him.

**FIFTH COUNT – Recklessness as to the City of New Haven**

1-15.   The defendant does not answer the allegations of the Fifth Count as it is not directed to him.

**SIXTH COUNT – Negligence as to the City of New Haven**

1-14.   The defendant does not answer the allegations of the Sixth Count as it is not directed to him.

**SEVENTH COUNT – 42 U.S.C. § 1983 as to Defendant, Diaz, Excessive Force**

1-13.   The defendant does not answer the allegations of the Seventh Count as it is not directed to him.

**EIGHTH COUNT – 42 U.S.C. § 1983 – As to Defendant Diaz – Denial of Medical Treatment**

1-12.   The defendant does not answer the allegations of the Eighth Count as it is not directed to him.

**NINTH COUNT – Negligence as to Defendant Diaz – Failure to Provide Medical Assistance**

1-14.   The defendant does not answer the allegations of the Ninth Count as it is not directed to him.

**TENTH COUNT – Negligence as to the City of New Haven – Conn. Gen. Stat. §52-557n**

1-16.   The defendant does not answer the allegations of the Tenth Count as it is not directed to him.

**ELEVENTH COUNT – 42 U.S.C. § 1983 – As to Oscar Diaz, Betsy Segui, Ronald Pressley, Jocelyn Lavandier and Luis Rivera – Excessive Force**

1-8. The answers to paragraphs 1-8 of the First Count are incorporated by reference and made the answers to paragraphs 1-8 of the Eleventh Count as if fully set forth herein.

9. As to paragraph 9, it is admitted that Officer Luis Rivera was present. The remainder of paragraph 9 is denied.

10. Paragraph 10 is denied.

11. Paragraph 11 is denied.

12. Paragraph 12 is denied.

13. Paragraph 13 is denied.

14. Paragraph 14 is denied.

15. Paragraph 15 is denied.

16. Paragraph 16 is denied.

**TWELFTH COUNT – 42 U.S.C. § 1983 Denial of Medical Treatment – As to Oscar Diaz, Betsy Segui, Ronald Pressley, Jocelyn Lavandier and Luis Rivera**

1-10. The answers to paragraphs 1-10 of the Eleventh Count are hereby incorporated by reference and made the answers to paragraphs 1-10 of the Twelfth Count as if fully set forth herein.

11. Paragraph 11 is denied.

12. Paragraph 12 is denied.

13. Paragraph 13 is denied.

14. Paragraph 14 is denied.

15. Paragraph 15 is denied.

16. Paragraph 16 is denied.

## THIRTEENTH COUNT – 42 U.S.C. § 1983 – As to Oscar Diaz, Betsy Segui, Ronald Pressley, Jocelyn Lavandier and Luis Rivera

1-10. The answers to paragraphs 1-10 of the Twelfth Count are hereby incorporated by reference and made the answers to paragraphs 1-10 of the Thirteenth Count as if fully set forth herein.

11. That portion of paragraph 11 that states Luis Rivera "were agents, servants, or employees of the defendant, City of New Haven and its Police Department, acting in their official capacities and under color of state law" is admitted. As to the remainder of paragraph 11, the defendant does not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leaves the plaintiff to his burden of proof.

12. Paragraph 12 is denied.

13. Paragraph 13 is denied.

14. Paragraph 14 is denied.

15. Paragraph 15 is denied.

16. Paragraph 16 is denied.

17. Paragraph 17 s denied.

18. Paragraph 18 iis denied.

19. Paragraph 19 is denied.

**FOURTEENTH COUNT – Intentional Infliction of Emotional Distress – As to Oscar Diaz, Betsy Segui, Ronald Pressley, Jocelyn Lavandier and Luis Rivera**

1-11. The answers to paragraphs 1-11 of the Eleventh Count are hereby incorporated by reference and made the answers to paragraphs 1-10 of the Fourteenth Count as if fully set forth herein.

12. Paragraph 12 is denied.

13. Paragraph 13 is denied.

**FIFTEENTH COUNT – Assault as to Oscar Diaz, Betsy Segui, Ronald Pressley, Jocelyn Lavandier and Luis Rivera**

1-11. The answers to paragraphs 1-11 of the Eleventh Count are hereby incorporated by reference and made the answers to paragraphs 1-10 of the Fifteenth Count as if fully set forth herein.

12. Paragraph 12 is denied.

**SIXTEENTH COUNT – Battery as to Oscar Diaz, Betsy Segui, Ronald Pressley, Jocelyn Lavandier and Luis Rivera**

1-11. The answers to paragraphs 1-11 of the Eleventh Count are hereby incorporated by reference and made the answers to paragraphs 1-10 of the Sixteenth Count as if fully set forth herein.

12. Paragraph 12 is denied.

**SEVENTEENTH COUNT – Negligence as to Oscar Diaz, Betsy Segui, Ronald Pressley, Jocelyn Lavandier and Luis Rivera**

1-11. The answers to paragraphs 1-11 of the Eleventh Count are hereby incorporated by reference and made the answers to paragraphs 1-10 of the Seventeenth Count as if fully set forth herein.

12. Paragraph 12 is denied.

13. Paragraph 13 is denied.

14. Paragraph 14 is denied.

15. Paragraph 15 is denied.

16. Paragraph 16 is denied.

17. Paragraph 17 is denied.

**EIGHTEENTH COUNT – Negligence as to City of New Haven**

The defendant does not answer the allegations of the Eighteenth Count as it is not directed to him.

**NINETEENTH COUNT – Indemnification, Connecticut General Statutes § 7-465 as to City of New Haven**

The defendant does not answer the allegations of the Nineteenth Count as it is not directed to him.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

The plaintiffs' Complaint fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

The actions and conduct of Officer Luis Rivera did not violate any clearly established constitutional or statutory right of which he should have been aware, and he is, therefore, entitled to qualified immunity from all liability.

**THIRD AFFIRMATIVE DEFENSE**

The actions and conduct of Officer Luis Rivera were objectively reasonable under the circumstances of which he was aware, and he is, therefore, entitled to qualified immunity from all liability.

**FOURTH AFFIRMATIVE DEFENSE**

The plaintiff's claims are barred by the doctrine of governmental immunity, pursuant to Conn. Gen. Stat. §52-557n and common law.

**FIFTH AFFIRMATIVE DEFENSE**

Pursuant to Connecticut General Statutes § 52-572h, the plaintiff's own negligence and carelessness contributed to and was a substantial factor in causing the injuries and losses alleged in the complaint, in that he failed to act as a reasonable, prudent person under the circumstances.

**JURY DEMAND**

The defendant demands a trial by jury.

                                                  DEFENDANT,
                                                  LUIS RIVERA

                                                  By /s/ Beatrice S. Jordan
                                                     Beatrice S. Jordan
                                                     Federal Bar No.: ct22001
                                                     Maccini Voccio & Jordan, LLC
                                                     101 Centerpoint Drive
                                                     Suite 232
                                                     Middletown, CT  06457
                                                     Ph: (860) 740-2535
                                                     E-mail: bjordan@mvjlawfirm.com

## **CERTIFICATION**

       This is to certify that on November 21, 2022, a copy of the foregoing Defendant Luis Rivera's Answer and Affirmative Defenses was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                      /s/ Beatrice S. Jordan
                                                  Beatrice S. Jordan