UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RICHARD COX<br>　　Plaintiff | No: 3:22-cv-01209 |
| VS. | |
| CITY OF NEW HAVEN, OSCAR DIAZ,<br>BETSY SEGUI, RONALD PRESSLEY,<br>JOCELYN LAVANDIER AND LUIS RIVERA<br>　　Defendants | JANUARY 6, 2023 |

## APPORTIONMENT COMPLAINT

Pursuant to Conn. Gen. Stat. §§52–102b and 52-572h, the Defendants/Apportionment Plaintiffs, Oscar Diaz, Betsy Segui, Ronald Pressley, Jocelyn Lavandier, and Luis Rivera, by and through their undersigned counsel, hereby file this Apportionment Complaint against American Medical Response of Connecticut, Incorporated (AMR) as well as its individual Emergency Medical Technicians, Melissa A. Blyth and Pasquale G. D'Amato III (Apportionment Defendants).

## COUNT ONE:

1.  By way of Complaint dated September 27, 2022 and filed with the Court the same day, the Plaintiff, Richard Cox, has brought an action asserting claims against the Defendants/Apportionment Plaintiffs herein. The Plaintiff's Complaint is the operative Complaint and is attached hereto as Exhibit A.

2.  In his Complaint, the Plaintiff alleges that on June 19, 2022, at approximately 8:04 p.m., he was detained and subsequently placed under arrest by one or more officers of the New Haven Police Department. The Complaint further alleges that while being transported thereafter to a Detention Center, the transport van operator suddenly and without warning applied the vehicle's brakes in an attempt to stop the transport van.

1

3. The Plaintiff, Richard Cox, further alleges that the sudden stop of the transport van resulted in his body being violently thrown around the inside of the transport van resulting in serious and permanent injuries.

4. In the Seventeenth Count of the Complaint at paragraph 12, the Plaintiff, Richard Cox, alleges that the Defendants/Apportionment Plaintiffs herein were negligent and careless in one or more of the following ways:

    a. they failed to provide immediate medical attention;

    b. they moved the Plaintiff when they knew or should have known it was dangerous to do so;

    c. they failed to promptly call for medical attention; and

    d. they failed to respond appropriately to Plaintiff's complaints of serious injury.

5. The Defendants/Apportionment Plaintiffs herein deny any negligence or carelessness on their part.

6. At all times mentioned herein, Apportionment Defendant AMR was and is an emergency medical service provider doing business in the State of Connecticut.

7. The Apportionment Defendant, AMR, employed medically trained personnel, including emergency medical responders, emergency medical technicians, and paramedics to provide pre-hospital care and treatment for its patients, who were charged sums of money as deemed fair and reasonable in consideration for the emergency medical services and care furnished by AMR to its patients, including the Plaintiff herein, Richard Cox.

8. At all times mentioned herein, the Apportionment Defendant, Melissa A. Blyth, was and is an Emergency Medical Technician authorized to provide emergency medical services to members of the general public including the Plaintiff herein, Richard Cox.

9. At all times mentioned herein, the Apportionment Defendant, Pasquale G. D'Amato III, was and is an Emergency Medical Technician authorized to provide emergency medical services to members of the general public including the Plaintiff herein, Richard Cox.

10. At all times mentioned herein, Apportionment Defendants Melissa A. Blyth and Pasquale G. D'Amato III were acting as agents, apparent agents, servants, and/or employees of the Apportionment Defendant, AMR, which is vicariously liable for any negligence on their part.

11. At all times mentioned herein, the Apportionment Defendants provided pre-hospital care to the Plaintiff herein, Richard Cox, and in doing so they failed to exercise the degree of care, skill, and diligence required under similar circumstances by Emergency Medical Technicians in the field in one or more of the following respects:

   a. in that they failed to apply manual stabilization and a cervical collar to Richard Cox;

   b. in that they failed to stabilize Richard Cox on a longboard/spine board;

   c. in that they failed to stabilize Richard Cox's head by initially applying manual stabilization to maintain spinal restriction and to prevent additional cervical injury;

   d. in that they failed to utilize a scoop stretcher or longboard/spine board to transfer Richard Cox onto the stretcher/cot;

   e. in that they failed to properly examine Richard Cox to discern the nature and extent of his medical injuries and needs;

f.  in that they misrepresented the level of assessment they performed by describing in the narrative report toe neurological assessment when in fact it does not appear from the video that they did so;

g.  in that they misrepresented Richard Cox's level of functionality by stating that Richard Cox was moving his arms voluntarily when being lifted onto the stretcher;

h.  in that they failed to transport Richard Cox to an appropriate emergency department in accordance with the destination guidelines of the hospital;

i.  in that they failed to follow and comply with Connecticut Statewide Treatment Protocols 1.0 and 4.5;

j.  in that they failed to comply with 2022 CT EMS Spinal Trauma Protocol 4.6 which requires spinal motion restriction for any abnormal (i.e. not baseline) neurological function or motor strength in any extremity;

k.  in that they failed to comply with 2022 CT EMS Spinal Trauma Protocol 4.6 which requires spinal motion restriction for a patient with high risk or questionable spinal injury mechanism;

l.  in that they failed to comply with 2022 CT EMS Spinal Trauma Protocol 4.6 which requires spinal motion restriction for a patient with alcohol or drug intoxication;

m.  in that they failed to comply with 2022 CT EMS Spinal Trauma Protocol 4.6 which requires spinal motion restriction for a patient with loss of sensation.

n.  in that they failed to advise others in the field not to move Richard Cox, and in fact permitted police officers to move Richard Cox from the cell to a stretcher, under circumstances where they knew or should have known it was unreasonable to do so.

o. in that they failed to intervene in the field and direct police officers not to move Richard Cox from the cell to a stretcher under circumstances where they knew or should have known it was unreasonable to do so.

12. A Certification of Reasonable Inquiry is set forth below, and redacted copies of written and signed opinions required by Conn. Gen. Stat. § 52-190a are attached hereto as Exhibit **B**.

13. Pursuant to Conn. Gen. Stat. §§52-572h and 52-102b, the Defendants/Apportionment Plaintiffs herein seek to apportionment liability against the Apportionment Defendants.

WHEREFORE, the Defendants/Apportionment Plaintiffs herein seek:

1. Apportionment of liability pursuant to Conn. Gen. Stat. §§52-572h and 52-102b;

2. Apportionment of damages pursuant to Conn. Gen. Stat. §§52-572h and 52-102b.

THE DEFENDANTS/
APPORTIONMENT PLAINTIFFS,

RONALD PRESSLEY

/s/ ct01938
JAMES G. WILLIAMS, ESQ.
Williams, Walsh & O'Connor, LLC
37 Broadway
North Haven, CT 06473
Tel. (203) 243-6333
Fax. (203) 243-6330
jwilliams@wwolaw.com

BETSY SEGUI

/s/ ct01565
Thomas E. Katon, Esq.
Susman Duffy & Segaloff, P.C.
700 State Street
Ste 100
New Haven, CT 06511
203-624-9830
tkaton@susmanduffy.com

JOCELYN LAVANDIER

/s/ ct06355
William J. Melley, III, Esq.
Law Offices of William J. Melley III
250 Hudson Street
Hartford, CT 06106
860-247-9933
860-247-9944 (fax)
wjmelley@wjmelley.com

LUIS RIVERA
/s/ ct22001
Beatrice S. Jordan, Esq.
Maccini Voccio & Jordan, LLC
101 Centerpoint Drive
Suite 232
Middletown, CT 06457
860-740-2535
bjordan@mvjlawfirm.com

OSCAR DIAZ

/s/ ct17849
James Newhall Tallberg, Esq.
Karsten & Tallberg LLC
500 Enterprise Drive, Suite 4B
Rocky Hill, CT 06067
860-233-5600
860-233-5800 (fax)
jtallberg@kt-lawfirm.com

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic filing. Parties may access this filing through the Court's CM/ECF System.

/s/ James G. Williams
James G. Williams

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RICHARD COX<br>　　　Plaintiff | No: 3:22-cv-01209 |
| VS. | |
| CITY OF NEW HAVEN, OSCAR DIAZ,<br>BETSY SEGUI, RONALD PRESSLEY,<br>JOCELYN LAVANDIER AND LUIS RIVERA<br>　　　Defendants | JANUARY 6, 2023 |

## CERTIFICATION OF REASONABLE INQUIRY

I, James G. Williams, hereby certify that I made reasonable inquiry, as permitted by the circumstances, to determine whether there are grounds for a good faith belief that there has been negligence in the care and treatment of the Plaintiff, Richard Cox. This inquiry has given rise to a good faith belief on my part that grounds exist for an action against the Apportionment Defendants herein, to wit: American Medical Response of Connecticut, Incorporated and its servants, agents, apparent agents, and/or employees, including its Emergency Medical Technicians Melissa A. Blyth and Pasquale G. D'Amato III. Pursuant to Conn. Gen. Stat. § 52-190a, a redacted copy of the written and signed opinions of a similar healthcare provider is attached to the Apportionment Complaint as Exhibit B.

By:/s/James G. Williams
JAMES G. WILLIAMS, ESQ.
Williams, Walsh & O'Connor, LLC
37 Broadway
North Haven, CT 06473
Tel. (203) 243-6333
Fax. (203) 243-6330
jwilliams@wwolaw.com
Federal Bar Number ct01938
